UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT HALE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1515** |
| **M.J.J.K., LLC, ET AL.** | **SECTION: "H"(4)** |

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Plaintiff has failed to adequately plead diversity jurisdiction. Accordingly, Plaintiff shall amend his complaint to correct this jurisdictional defect within 20 days of the entry of this Order.

### BACKGROUND

This is a civil action filed by Plaintiff Robert L. Hale, III, against Defendants M.J.J.K., LLC ("MJJK"), James McCleary, and Barbara McCleary (collectively the "McClearys"). Plaintiff alleges that he is a "person of the full age of majority residing in Baldwin County, Alabama." As to the

1

citizenship of Defendants, Plaintiff alleges that MJJK is a "domestic company organized under the laws of this State and doing business in this parish." Plaintiff further alleges that the McClearys are residents of St. Mary Parish, Louisiana.

## LAW AND ANALYSIS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted). In this matter, the burden of proving complete diversity lies with Plaintiffs. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). To carry this burden, Plaintiffs must "distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the

2

citizenship of all of its members." *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Accordingly, the party invoking federal jurisdiction "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction." *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

MJJK is an LLC. Plaintiff has failed to allege the membership of MJJK, much less the citizenship of those member(s). Accordingly, the Court cannot determine MJJK's citizenship.

Plaintiff has also failed to adequately plead both his own citizenship and that of the McClearys. It is well-established that an allegation of a party's residence, standing alone, is insufficient to establish citizenship for purposes of diversity jurisdiction. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 n.2 (5th Cir. 2002). "[S]ection 1332(a)(1) demands diverse citizenship, not diverse residency." *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.

1985).

## CONCLUSION

For the reasons previously stated, the Court finds that Plaintiff has failed to adequately allege diversity of citizenship. Plaintiff is granted leave to amend his complaint within 20 days from the entry of this Order to correct this jurisdictional defect. Failure to file timely an amended complaint will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 3rd day of December, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**