UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT HALE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1515** |
| **M.J.J.K, LLC** | **SECTION: "H"(4)** |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (R. Doc. 61) filed by Defendants M.J.J.K., LLC ("MJJK"), James McCleary, and Barbara McCleary (collectively the "McLearys"). For the following reasons, the Motion is DENIED.

### BACKGROUND

This is a civil action for the recovery of real estate commissions filed by Plaintiff Robert Hale, III—a licensed real estate broker in the state of Louisiana. The dispute centers on land owned by Defendants on both the north (the "Northside Property") and south (the "Southside Property")

1

sides of the Gulf Intracoastal Waterway in Houma, Louisiana. Plaintiff contends he is owed real estate commissions pursuant to two oral agreements.

The first oral agreement relates to the development of a certain portion of the Northside Property into residential subdivisions.[1] There were several phases of this development, namely, Mulberry Estates Phases A, B, C, M, and Mulberry Gardens Addendum 1-Phase B (collectively the "Mulberry Subdivisions"). In exchange for his work on the Mulberry Subdivisions, it is undisputed that the McClearys agreed to compensate Plaintiff with one lot in each of Mulberry Estates Phases A, B, C, and Mulberry Gardens Addendum 1-Phase B. The parties also agreed that Plaintiff would receive a five percent commission for each lot sold in the Mulberry Subdivisions. The parties dispute whether the agreement included a promise to transfer a lot in Mulberry Estates Phase M.

On June 6, 2000, the McClearys transferred two pieces of immovable property to Plaintiff: (1) one lot in Mulberry Estate Phase A, and (2) 5.526 acres of the Northside Property.[2] Each transfer is evidenced by a separate transaction. Plaintiff did not receive any further compensation for his work on the Northside Property.

The second oral agreement was confected some time in 2008. It is undisputed that the McClearys agreed to provide Plaintiff with a five percent commission upon the sale of the

---

[1] The record is unclear as to when this agreement was confected.

[2] It appears that this second transfer did not involve any lots within Mulberry Estates Phase B, C, M, or Mulberry Gardens Addendum 1-Phase B.

2

Southside Property. The dispute lies with the nature of the agreement. Defendants contend that Plaintiff would only receive a commission if he was the procuring cause of the sale. Plaintiff counters that he was to receive a commission regardless of whether his efforts led to a sale.

Hale attempted to facilitate a sale of the Southside Property by, for example, listing the property on his website, sending brochures to prospective buyers, and meeting with the McClearys. In 2011, the McClearys were contacted by a potential buyer, Land-Glo LLC ("Land-Glo"). Land-Glo eventually purchased the Southside Property on December 21, 2011, for $8,000,000. Hale played little (if any) role in bringing the McClearys and Land-Glo together.

The McClearys subsequently mailed a check to Plaintiff for $25,000. Plaintiff refused to accept the check, insisting that he was entitled to five percent of the sales price ($400,000) pursuant to the oral agreement. Defendants disagreed, and Plaintiff filed suit. Plaintiff seeks damages in the amount of $400,000, and the cash equivalent of one lot in Mulberry Estates Phases B, C, M, and Mulberry Gardens Addendum 1-Phase B.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise

properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

Defendants contend there is no genuine issue of material fact as to whether Plaintiff is entitled to real estate commissions pursuant to the oral agreements. The Court disagrees. Accordingly, the Motion is denied.

I.  <u>Whether Plaintiff is Owed Commission for his Work on the Northside Property</u>

Defendants seek dismissal of Plaintiff's claims for the cash equivalent of one lot in each of the Mulberry Subdivisions. Defendants offer three arguments in support of dismissal: (1) the oral agreement never included the transfer of one lot in Mulberry Estates Phase M; (2) even if the initial agreement did include Phase M, the agreement was orally modified, whereby Plaintiff would accept the June 6, 2000, transfer of Northside Property in lieu of receiving one lot in each of the Mulberry Subdivisions; (3) assuming *arguendo* the agreement was not modified, Plaintiff's cause of action for breach of contract has prescribed.

As the party demanding performance, Plaintiff bears the burden of proving the existence of the obligation. La. Civ. Code art. 1831. Because the value of the performance which Plaintiff seeks to recover is in excess of $500, proof of the obligation is governed by Louisiana Civil Code

Article 1846.[3] *Suire v. Lafayette City-Parish Consol. Gov.*, 907 So. 2d 37, 58 (La. 2005). Article 1846 requires an oral contract to be proved "by at least one witness and other corroborating circumstances." La. Civ. Code. art. 1846. "The plaintiff himself may serve as the witness to establish the existence of the oral contract." *Suire*, 907 So. 2d at 58. As to the second requirement, the "other corroborating circumstances" need only be general in nature but must derive from a source other than the plaintiff. *Id.* Whether a plaintiff has offered sufficient corroborating evidence is a question of fact. *Lakewood Estates Homeowners Ass'n, Inc. v. Markle*, 847 So. 2d 633, 638 (La. Ct. App. 4th Cir. 2003); *Madere v. Adda Carpet & Flooring*, 770 So. 2d 828, 830 (La. Ct. App. 5th Cir. 2000).

Defendants contend they never agreed to transfer a lot in Mulberry Estates Phase M. Questions as to the existence and, in particular, the *scope* of an oral agreement are rarely appropriate for resolution on summary judgment. Viewing the evidence in the light most favorable to Plaintiff, the Court can find no reason to depart from this general practice. Accordingly, the issue of whether the McClearys agreed to transfer to Plaintiff a lot in Mulberry Estates Phase M must be decided by the trier of fact.

Even if Defendants initially agreed to transfer a lot in each of the Mulberry Subdivisions, they contend the agreement was subsequently modified. Specifically, Defendants aver that

---

[3] Article 1846 only applies "[w]hen a writing is not required by law." La. Civ. Code art. 1846. It is well established that a real estate broker may recover commission for the sale of immovable property pursuant to an oral agreement. *See Samuels v. Firestone Tire & Rubber Co.*, 342 So. 2d 661, 662 (La. 1977).

Plaintiff agreed to forego the transfer of lots in the Mulberry Subdivisions in exchange for the June 20, 2011, transfer of property. As the party asserting modification, Defendants bear the burden of proving the parties mutually consented to the agreement as modified. La. Civ. Code art. 1831; *Taita Chem. Co, LTD v. Westlake Styrene Corp.*, 246 F.3d 377, 387 (5th Cir. 2001). The Court finds Defendants have failed to carry this burden on summary judgment. Accordingly, the issue of modification must be decided at trial.

Finally, Defendants contend that dismissal is warranted because Plaintiff's claim for real estate commissions has prescribed. The party asserting prescription generally bears the burden of proof. *Campo v. Correa*, 828 So. 2d 502, 508 (La. 2002). If, however, prescription is evident from the face of the pleadings, the burden shifts to the plaintiff to show why the claim has not prescribed. *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So. 2d 1383, 1386 (La. 1993). It is well established that "prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished." *Wells v. Zadeck*, 89 So. 3d 1145, 1149 (La. 2012). Because Plaintiff's claim has not prescribed on its face, Defendant bears the burden of proof.

A breach of contract claim is a "personal action" subject to a liberative prescription of ten years. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 981 So. 2d 287, 291 (La. Ct. App. 3d Cir. 2008); La. Civ. Code art. 3499. Prescription begins to run when the contract is breached. *Roba, Inc. v. Courtney*, 47 So. 3d 500, 507 (La. Ct. App. 1st Cir. 2010). A contract is breached when the promisor fails to perform at the time performance is due. *Franconia Assocs. v. U.S.*, 536 U.S 129, 142–43

7

(2002). Under Louisiana law, there are essentially three different terms for performance of an obligation. *See* La. Civ. Code art. 1778. A term for performance is "certain" if it is fixed by a set period of time. La. Civ. Code art. 1778 cmt. b. A term is "uncertain . . . but determinable" if it can be ascertained by the intent of the parties or by the occurrence of a future and certain event. La. Civ. Code art. 1778. In all other cases, *i.e.*, when the term for performance is "uncertain" and "not determinable," performance is due "within a reasonable time." *Id.* The question of what constitutes a reasonable time for performance is one of fact. *See Courtney*, 47 So. 3d at 507.

The dispositive inquiry regarding prescription focuses on when performance was due. Modified to fit the contours of this case, the Court must determine the moment at which Defendants were obligated to transfer a lot in each of the Mulberry Subdivisions. Defendants contend performance was due on the day each subdivision was recorded in the Terrebonne Parish conveyance records. Because all subdivisions other than Mulberry Estates Phase M were recorded more than ten years prior to the filing of the complaint, Defendants argue the breach of contract claim has prescribed. Plaintiff counters that performance was due much later, namely, at any time prior to the sale of the last lot in each in each of the respective Mulberry Subdivisions. Under this interpretation of the oral contract, Plaintiff's claims would be timely.

The term for performance was clearly not fixed or determinable by a future and *certain*

8

event.[4]  Thus, the term for performance is either (a) uncertain but determinable by the intent of the parties, or (b) uncertain and not determinable, in which case performance would be due within a reasonable time.  Choosing between these alternatives is clearly a fact-intensive exercise, one which the Court is not fit to undertake on the record before it.

Because there is a genuine factual dispute as to when performance was due, the Court cannot determine the moment of breach.  And because the record is unclear as to when the contract was allegedly breached, the Court cannot determine when prescription began to run, and thus whether Plaintiff's claim has prescribed.  Accordingly, Defendants have failed to carry their burden of demonstrating prescription.

II.     Whether Plaintiff is Owed Commission for his Work on the Southside Property

Whether Plaintiff is owed real estate commissions depends on the nature of the listing agreement between he and Defendants. Louisiana law essentially recognizes two broad categories of listing agreements: exclusive and non-exclusive. *Cf. Whitlock Realty & Constr., Inc. v. Sparks*, 419 So. 2d 130, 132 (La. Ct. App. 2d Cir. 1982).  Under an exclusive listing agreement, the broker is entitled to commission regardless of whether his efforts contribute to the sale. *Barnett v. Saizon*, 994 So. 2d 668, 673 (La. Ct. App. 1st Cir. 2008); *Sam Fullilove & Assocs., Inc. v. D. Day*, 639 So. 2d 801, 803 (La. Ct. App. 2d Cir. 1994).  If the listing agreement is non-exclusive or "open," the broker

---

[4] It was obviously not "certain" within the meaning of Article 1778 that Defendants would sell any or all of the lots in the Mulberry Subdivisions.

9

may only recover commission if he is the "procuring cause" of the sale, *i.e.*, if he ultimately brings the parties together. *Lee Eyster & Assocs., Inc. v. Favor*, 504 So. 2d 580, 581 (La. Ct. App. 4th Cir. 1987); *Dickerson v. Hughes*, 370 So. 2d 1301, 1303 (La. Ct. App. 3d Cir. 1979).

Defendants contend the listing agreement is non-exclusive and that Plaintiff cannot prove he was the procuring cause of the sale to Land-Glo. Plaintiff does not dispute the issue of procuring cause. In fact, Plaintiff argues that it is irrelevant because the parties agreed that he would be compensated for the sale of the Southside Property irrespective of whether he was the procuring cause. Thus, Plaintiff essentially argues that the listing agreement was exclusive. In support of this argument, Plaintiff points to evidence that he and Defendants have on several occasions in the past confected exclusive oral listing agreements for the sale of immovable property owned by Defendants.

As discussed in the previous subsection, the existence *vel non* of an oral agreement is a fact-specific inquiry typically not ripe for decision on summary judgment. Given that prior verbal contracts may provide corroborating evidence of a subsequent contract, *Price Farms, Inc. v. McCurdy*, 42 So. 3d 1099, 1104 (La. Ct. App. 2d Cir. 2010), the Court finds this matter inappropriate for summary disposition. The precise contours of this verbal contract must be elucidated at trial.

## CONCLUSION

For the reasons previously stated, the Motion is DENIED.

New Orleans, Louisiana, this 19th day of December, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE